OPINION
This is a criminal appeal from the Lake County Court of Common Pleas. Appellant, Craig A. Smith, appeals the trial court's February 9, 1998 judgment entry sentencing him to serve an eight month term of incarceration, with credit for time served.
On May 16, 1997, appellant was indicted by the Lake County Grand Jury on one count of theft, in violation of R.C. 2913.02, and one count of receiving stolen property, in violation of R.C.2913.51. Each count constituted a felony of the fifth degree. Appellant entered a plea of "not guilty" to each count and the matter was scheduled to proceed to a trial to be held on November 24, 1997, and appellant was released on bond. On November 25, 1997, the trial court filed a judgment entry revoking appellant's bond and issuing a warrant for his arrest due to the fact that appellant failed to appear at the scheduled trial. The next day, November 26, 1997, appellant was arrested.
On January 5, 1998, appellant entered into a written plea agreement. Pursuant to the plea agreement, appellant would enter a plea of guilty to the charge of theft, R.C. 2913.02, a felony in the fifth degree, and the charge of receiving stolen property, R.C. 2913.51, would be dropped. The plea agreement also provided that appellee, the State of Ohio, would make a recommendation of sentencing appellant for ninety days. At the plea hearing conducted on January 5, 1998, appellee stated that consistent with the plea agreement it would recommend that count two of the indictment, receiving stolen goods, be nolled and that appellant would plead guilty to count one, theft, in violation of R.C.2913.02. Appellee did not state on the record that it recommended that appellant be sentenced to ninety days incarceration. After conducting a plea hearing in compliance with Crim.R. 11(C), the trial court accepted appellant's guilty plea to one count of theft and ordered a presentence investigation report to be made prior to a later sentencing hearing.
A sentencing hearing was held on February 4, 1998. At the outset of the hearing, appellee stated that appellant had "entered a plea of guilty to one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02." Again, appellee made no statement on the record that it recommended that appellant be sentenced to ninety days of incarceration. However, during the sentencing hearing, the trial judge acknowledged that he was aware that appellee had recommended a ninety day sentence. At the close of the hearing, the trial judge sentenced appellant to serve a term of eight months of incarceration, with forty-one days credit. Upon the pronouncement of the sentence, appellant's counsel stated that it "would like to object at this time to the State's not following through with the recommendation of 90 days." Appellee then responded that it "did not revoke the 90 day recommendation." On February 9, 1998, the trial court entered judgment sentencing appellant to eight months incarceration with forty-one days credit.
On February 23, 1998, appellant filed a Crim.R. 32.1 motion to withdraw his guilty plea. The motion to withdraw the guilty plea was overruled in a judgment entry dated March 20, 1998. Appellant filed a motion for a delayed appeal on May 7, 1998, which was granted on July 2, 1998. Appellant now asserts the following assignment of error:
 "The trial court erred in not allowing the [appellant] to withdraw his guilty plea after the [appellee] did not follow through on its recommendation of the 90-day sentencing."
Appellant contends that his previous motion to withdraw his guilty plea should have been granted by the trial court because appellee failed to recommend that he be sentenced to ninety days incarceration. Appellant states that the case of Santobello v.New York (1971), 404 U.S. 257, 262-263, requires that a promise made by a prosecutor as part of a plea agreement must be fulfilled in its entirety regardless of whether a failure to deliver on the promise actually affected the trial judge's sentencing decision.
Appellant's assignment of error invokes an inquiry into the propositions of law set forth in Crim.R. 11(F) and the case ofSantobello. Crim.R. 11(F) states the following: "[w]hen, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lessor offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."
In the case of State v. Mushatt (July 1, 1976), Summit App. No. 8061, unreported, 1976 Ohio App. LEXIS 6075, the appellant entered into a plea agreement in which the state promised to recommend to the trial court that the appellant be sentenced to the minimum penalty provided under the statute, which consisted of a term of incarceration for six months. At the plea hearing, the state discussed the terms of the plea agreement and recommended, on the record, that "the [c]ourt impose a sentence of the minimum for a fourth degree felony, which would be six months." Id. at 4. Following the state's recommendation, the trial court conducted a plea colloquy and ultimately accepted the appellant's guilty plea. At the sentencing hearing, the court sentenced the appellant to the maximum possible penalty, which was a five year term of incarceration.
On appeal, the appellant argued that the state failed to comply with Crim.R. 11(F) by failing to make a recommendation to the trial court that he be sentenced to six months incarceration. Presumably, appellant was arguing that the recommendation was made at the plea hearing and not at the sentencing hearing. However, the court held that the state had complied with Crim.R. 11(F) because the state did make its promised recommendation on the record in open court. Id. at 7-8.
In State v. Click (July, 27, 1976), Franklin App. No. 76AP-63, unreported, 1976 Ohio App. LEXIS 6361, the state, on the day scheduled for trial, informed the trial court that the appellant wished to withdraw his not guilty pleas to the charges of kidnapping, aggravated robbery, and rape. The state then informed the court that the appellant would enter a plea of guilty to the charges of kidnapping and aggravated robbery, and requested that the charge of rape be nolled. During the plea hearing, the state failed to make any mention that a plea agreement had been entered into and also failed to state the terms of the plea agreement in open court, as required by Crim.R. 11(F). After a plea hearing, the trial court accepted the two pleas and later sentenced the appellant.
On appeal, the appellant argued that the state and the trial court failed to comply with Crim.R. 11(F). The appellant also claimed that as part of the plea agreement, the state had promised to recommend to the trial court that the sentences for each charge should run concurrently. The appellate court found that the record was devoid of any "statement on the record in open court as to the underlying agreement upon which the guilty pleas were based," but determined that a plea arrangement had been entered into. Id. at 5. The court held that the case must be remanded for proceedings to determine the basis for the negotiated pleas. Importantly, the court held that "if, as appellant contends, he was promised even a recommendation [by the state] of concurrent sentences to induce his guilty pleas, he is entitled to withdrawal of his guilty pleas since the promise was not fulfilled. See Santobello * * *." Id. at 6.
In Santobello the prosecutor promised to refrain from making any recommendations to the court about how the appellant should be sentenced, as part of the plea agreement and in exchange for the appellant's plea. Yet, during sentencing, a new prosecutor recommended the maximum sentence. The Supreme Court held that the appellant had bargained for a particular plea agreement, which included that the prosecutor would not make any sentence recommendations. Id. at 262. The Court further stated that the terms of a plea agreement must be fulfilled in their entirety, regardless of whether the prosecutor's recommendation actually influenced the trial judge's sentencing decision. Id. at 262-263. Accordingly, the Supreme Court ordered that the case be remanded to allow the appellant to either withdraw his guilty plea or be re-sentenced by another judge. Id. at 263.
In our case, the record evidences the fact that the trial judge knew at both the plea hearing and the sentencing hearing that the state had recommended that appellant be sentenced to ninety days incarceration. However, the transcripts of both of those proceedings fails to show appellee making the recommendation on the record at either hearing. Thus, it is clear that the recommendation was made to the trial judge off the record. Pursuant to the strict requirement that appellee must fully comply with the provisions of the plea agreement, as indicated inSantobello, coupled with Crim.R. 11(F)'s clear mandate that appellee state the terms of the plea agreement on the record in open court, we hold that appellant's assignment of error is well-taken. It is important to underscore the fact that only those actions referenced in the record will be recognized in subsequent matters, such as post conviction relief proceedings or community control considerations.
In addition, pursuant to Click, the failure of appellee to recommend, on the record and in open court that appellant be sentenced to ninety days of incarceration, requires that he is entitled to withdraw his guilty plea.
For the foregoing reasons, appellant's sole assignment of error is well-taken, and the decision of the Lake County Court of Common Pleas is reversed and the case is remanded for further proceedings consistent with this opinion.
____________________________________
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.